(No. 12929.—Cause transferred.)

FRANCIS M. PARISH, Appellee, *vs.* NOAH C. BAINUM *et al.* Appellants.

*Opinion filed February 18, 1920.*

1. FREEHOLD—*when freehold is not involved in a suit between partners in real estate business.* Where the issue in a suit between parties engaged in the real estate business is whether a partnership exists and whether the complainant is entitled to an accounting of the partnership assets, a freehold is not involved in a decree finding that the complainant has an interest in the partnership property, consisting of unsold city lots, which were a part of the stock in trade of the partnership.

2. REAL PROPERTY—*when land owned by real estate firm is regarded as personal property.* Where a partnership is formed for the purpose of buying and selling real estate for profit, as between the partners real estate in the hands of the firm is treated as assets or stock in trade and is in equity regarded and administered as personal property.

APPEAL from the Circuit Court of White county; the Hon. CHARLES H. MILLER, Judge, presiding.

W. F. SCOTT, and E. B. GREEN, for appellants.

GEE & GEE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of White county in favor of complainant in a bill in chancery filed against defendants, alleging complainant and defendants were partners and praying for dissolution and an accounting. The bill was filed to the March term, 1915, of the circuit court. The answer denied the existence of the partnership and the right of the complainant to an accounting. Upon a hearing before the court a decree was entered dismissing the bill, and complainant appealed to the Appellate Court for the Fourth District, which court reversed

the decree and remanded the cause for further proceedings in the court below, "which will afford the appellant the right to the accounting prayed for in his bill of complaint." (202 Ill. App. 563.) The cause was re-instated in the circuit court, and upon a hearing a decree was entered sustaining the bill and complainant's right to an accounting. The account was stated by the court and defendants were decreed to pay to the complainant $4194.38, and defendant Noah C. Bainum was ordered to convey to complainant an undivided one-third interest in sixteen lots described. From that decree this appeal is prosecuted direct to this court on the theory that a freehold is involved.

In support of the alleged partnership complainant set out in his bill an agreement entered into on February 21, 1906, between himself, Noah C. and Charles A. Bainum and J. S. Sweeney, wherein it was agreed by the parties to purchase of Bernard S. Landes, of Mt. Carmel, Illinois, certain real estate, consisting of thirty or more acres, for $460 per acre; that complainant was to furnish the money to pay for the land and the other parties would give him their promissory note for their part of the purchase money. For convenience of the parties the title was to be taken in the name of Noah C. Bainum, who was to hold it as trustee. It was further agreed that the land, when purchased, should at once be surveyed and platted into lots and become a part of the city of Mt. Carmel and the lots at once offered for sale upon such terms as the parties might thereafter agree upon. Out of the money first arising from the sale of the lots all expenses of platting and selling were to be paid and other money arising from the sale was to be applied on the note given complainant, and the balance one-sixth each to Charles A. Bainum and J. S. Sweeney and two-sixths each to Noah C. Bainum and the complainant. The agreement provided that Noah C. Bainum should have charge of the platting of the land and of the sale of the lots and was to receive ten per cent of the gross amount of sales for his ser-

vices and that of any assistants he might employ. The land was platted into 215 lots, and at the time the decree appealed from was entered all of them had been sold except sixteen.

The pleadings did not, within the meaning of the statute and constitution, put in issue a freehold. The issues made by the pleadings were whether a partnership existed and whether complainant was entitled to an accounting of the partnership assets. Part of the assets was lots, but when a partnership is formed for the purpose of buying real estate not to hold permanently but to sell for a profit, as between the partners it is in equity regarded and administered as personal property. It is treated as assets and stock in trade of the partnership. (*VanHousen* v. *Copeland,* 180 Ill. 74; *Speyer* v. *Desjardins,* 144 id. 641; *Morrill* v. *Colehour,* 82 id. 618.) The principal issue made by the pleadings was whether a partnership existed between the parties in the enterprise. The result of finding in favor of complainant on that issue was that he had an interest in the partnership property, but that was incidental to the main issue and his right to an accounting. The bill did not pray that complainant be decreed to have an interest in real estate and that defendants be ordered to convey it to him. The bill was predicated on the claim that the purchase of the land, platting into lots and selling the lots were a partnership enterprise in which complainant was a partner and as such entitled to an accounting. If his rights in these respects were established by proof, it did not result, within the meaning of the law, that one party gained and the other lost a freehold, for in equity, between the partners, the sixteen unsold lots were to be regarded and administered as personal property, and the lots might as well have been ordered sold and the proceeds distributed among the partners, the same as the other money on hand. They were assets of the partnership, and the right of complainant to an interest in them, if the partnership was established, was of the same character as his right to an interest in the other as-

sets of the partnership and considered and treated as personalty, to be disposed of and distributed among the partners.

In our view the appeal should have been taken to the Appellate Court for the Fourth District, and the cause is therefore transferred to that court.     *Cause transferred.*

---

(No. 13061.—Reversed and remanded.)
JOSEPH W. BERRY *vs.* MARY EGAN, Appellee.—(HENRY F. BERRY *et al.* Appellants.)

*Opinion filed February 18, 1920.*