[No. 22333. Department One. April 11, 1930.]

EDWARD FROISETH, *Respondent*, v. HIRAM D. NOWLIN
et al., *Appellants*.[1]

*Paul, Long & Carlson* and *Long & Hammer*, for appellants.

*Van Dyke & Thomas*, for respondent.

TOLMAN, J.—This is an action for the dissolution of a partnership and an accounting. Plaintiff prevailed in the trial court and the defendants have appealed.

The complaint alleges and respondent's evidence tended to prove that the respondent Edward Froiseth and the appellant Hiram D. Nowlin, by oral agreement, entered into a partnership in the real estate brokerage business including the buying, improving and re-selling of the real estate for profit, the appellant Nowlin to furnish the capital for such purchases of real estate and investments therein as might be mutually agreed upon, the profits and losses to be equally divided. In actual practice the title to real estate thus purchased was taken in the name of appellant Nowlin, partly as security for his advances and, perhaps,

[1]Reported in 287 Pac. 55.

partly for convenience, and when re-sales were made, his advances were first returned to him out of the proceeds and the overplus was equally divided between the partners. A number of such transactions were carried through while the partnership actively existed without any dispute or difficulty.

During the some two years while the partnership was actively engaged in business, two pieces of real property were acquired which were not re-sold: one referred to as the gas station property, and the other as the fourteen-acre tract; the chief dispute in this action being as to whether appellant Nowlin took title to these properties in trust for the partnership or acquired them as his own.

The trial court, on conflicting evidence, found that both of these properties were acquired for the partnership, the moneys invested being advanced by appellant Nowlin under the customary agreement; and, by its decree, awarded respondents a one-half interest in each of these properties subject to a prompt re-payment to appellants of a sum sufficient to reimburse them for one-half of the advances made.

After a careful study of the evidence, we are convinced that it is ample to sustain the findings of fact embodied in the decree and that the judgment must be affirmed unless some rule of law forbids.

The contract of partnership resting in parol, the appellants raised the defense of the statute of frauds, and now contend that, even though partnership realty may be, as between the partners, considered as personalty, yet the statute of frauds must be complied with in the passing of title, citing *Brewer v. Cropp,* 10 Wash. 136, 38 Pac. 866. If read hastily, or if the facts upon which it is based are not clearly kept in mind, then this case would seem to support appel-

lants' position, but we think a careful analysis will disclose that it is authority only for a much narrower rule. There, the supposed partnership related only to the one particular piece of real estate and involved the purchase, improvement, re-sale and division of profits arising therefrom. It also involved the purchase by one partner of the interests of the other partners. The court there said:

"It is conceded that the limits of said business were to be confined to the property in question and for the purpose aforesaid."

Thus it will be seen that in that case the partnership was of a limited or special nature confined to one particular tract of land, and there was involved the direct purchase by one partner from the others. Authorities are not wanting to sustain what was there decided.

The different phases of the subject are indicated in Corpus Juris, where, in discussing this matter under the heading of the statute of frauds, it is said:

"Under the view that real estate owned by a partnership becomes for the purposes of the partnership personal property, an oral agreement in relation to it, if made between the members of the firm, and if the contract has to do with partnership matters, is valid. As concerns strangers to the partnership, however, real estate of the firm is not considered as personalty and contracts with them affecting firm realty must be in writing. Also the statute of frauds applies to an agreement claimed to constitute a partnership or profit sharing agreement where, under it, one party is to have an interest in the lands of the other or lands standing in the name of the other. It applies to an oral contract to transfer or convey partnership real property, and the interest of the other partners therein, to one partner as an individual, as well as to a parol contract by one of the parties to convey certain land owned by him individually to the partnership, or to another partner, or to put it into the partnership stock.

"The law does not require that an agreement of copartnership shall be in writing in order to enable the firm to purchase lands. An agreement between two or more persons for the joint acquisition of real property from a third person and not contemplating any sale or conveyance between the parties is not a contract for the sale of land within the meaning of the statute of frauds." 27 C. J. 220.

Also in 47 C. J., p. 766, under the title of partnership, it is said:

"Whether or not realty has become personal property of the firm so far as partnership equities are concerned depends upon the intention of the partners, the funds with which the realty was purchased, and the uses to which it is put, although use of itself is not controlling. It is of little significance in whom title is taken. Where land is purchased with partnership funds or acquired in satisfaction of firm debts, and intended to be used for partnership purposes, it is to be treated in equity as personal assets of the partnership, even though deeded to individuals. Where realty is purchased with partnership funds and title is fraudulently taken in the name of an individual, it will be treated as personalty for purposes of partnership accounting.

"Where land is purchased for sale and profit, it may, in equity, be regarded as personalty as among the partners."

The authorities there cited well support the text. In an Illinois case there cited, it is said:

". . . The issues made by the pleadings were whether a partnership existed and whether complainant was entitled to an accounting of the partnership assets. Part of the assets was lots, but when a partnership is formed for the purpose of buying real estate not to hold permanently but to sell for a profit, as between the partners it is in equity regarded and administered as personal property. It is treated as assets and stock in trade of the partnership. . . . The bill did not pray that complainant be decreed to have

an interest in real estate and that defendants be ordered to convey it to him. The bill was predicated on the claim that the purchase of the land, platting into lots and selling the lots were a partnership enterprise in which complainant was a partner and as such entitled to an accounting. If his rights in these respects were established by proof, it did not result, within the meaning of the law, that one party gained and the other lost a freehold, for in equity, between the partners, the sixteen unsold lots were to be regarded and administered as personal property, and the lots might as well have been ordered sold and the proceeds distributed among the partners, the same as the other money on hand. They were assets of the partnership, and the right of complainant to an interest in them, if the partnership was established, was of the same character as his right to an interest in the other assets of the partnership and considered and treated as personalty, to be disposed of and distributed among the partners." *Parish v. Bainum*, 291 Ill. 374, 126 N. E. 129.

Here, we have a co-partnership formed by oral agreement for the purpose of buying and selling real estate, not just one tract, but generally any and all tracts or parcels that the partners might from time to time consider available for the exercise of their merchandising abilities and efforts. Property thus purchased, though the title be taken in the name of one partner only, becomes, in equity, merchandise for re-sale and therefore, as between the parties, personal property. The purpose is not to finally vest title in the partners according to their several interests, but to re-sell and divide the profits. If a re-sale had been made before dissolution of the partnership, equity would compel an accounting for the profits; and where, as here, there has been no re-sale, but the thing which equity regards as merchandise is left undisposed of, equity will divide what remains just as it would decree

the division of any other merchandise or asset of the partnership.

The judgment is affirmed.

MITCHELL, C. J., PARKER, MAIN, and BEALS, JJ., concur.