910 P.2d 455 (1996)
128 Wash.2d 521
Robert F. MALNAR, a single man, Petitioner,
v.
Robert CARLSON and Diane Carlson, and the marital community composed thereof, and Golden Valley Ltd., a Washington corporation, Respondents.
No. 62974-9.
Supreme Court of Washington, En Banc.
February 1, 1996.
*456 James F. Graham, Renton, for petitioner.
Robert Felker, Tacoma, Ross Taylor, Tacoma, for respondents.
GUY, Justice.
The trial court dismissed this action for an accounting of partnership assets based on the statute of limitation. We reverse and remand for trial.

FACTS
On January 17, 1992, Ronald Malnar (Plaintiff) sued Robert Carlson (Defendant) alleging that a partnership existed between them to purchase, develop and resell real estate, and to share in the profits. The Plaintiff sought an accounting of the profits of the joint venture.[1] The Defendant moved for summary judgment based on three grounds: (1) the case was not filed within the statute of limitation, (2) the verbal partnership agreement was unenforceable under the statute of frauds, and (3) there were no issues of material fact regarding the existence of a verbal partnership agreement between the parties. The trial court granted summary judgment based on the statute of limitation. The Court of Appeals affirmed, holding that the statute of limitation had run on the action. It therefore declined to reach the issues involving the statute of frauds or the sufficiency of facts to show the existence of the partnership. Malnar v. Carlson, No. 16722-1-11 (Apr. 20, 1995).
Since this case involves review of a summary judgment, the facts must be considered in the light most favorable to the Plaintiff, the nonmoving party. Simpson Tacoma Kraft Co. v. Department of Ecology, 119 Wash.2d 640, 646, 835 P.2d 1030 (1992).
From approximately 1977 to 1984, the Plaintiff worked for the Defendant as a sales manager and salesperson in the Defendant's real estate brokerage firm. After the Plaintiff ceased working for the Defendant's brokerage firm, he set up his own firm; but the two men continued to work together in real estate ventures. The Plaintiff's Declaration states that from early in their business relationship, the two men had an oral agreement to put together pieces of property and share in the profits as partners. The Plaintiff states that, pursuant to an oral agreement, he was to locate properties that were economically viable for development. The Defendant was to put up the earnest money and finance the acquisition and the Plaintiff was to participate in developing and selling the property. The Plaintiff states they were to split profits after the Defendant received the return of his investment money. The Defendant denies the existence of any such partnership but does admit the two men were partners in the purchase, development and resale of three separate properties. There is no dispute about the sharing of profits from these three properties. The parties agree that those three partnerships were in writing, although the Plaintiff states the written agreements were not executed until after the purchase of each piece of property.
This case arises out of the purchase of 80 acres of land known as "Golden Valley." On December 27, 1984, the Defendant signed an agreement to buy this property from Charles *457 Richardson. The Golden Valley property was adjacent to property which the parties agree they owned together. In a sworn statement by the Richardson brothers dated March 5, 1988, the Richardsons state the Plaintiff made the original contacts with them to offer to buy their land, and because of those contacts they called the Plaintiff when they decided to sell the property. They also stated that the Plaintiff set up a meeting to introduce them to "his partner... Bob Carlson," and that the meeting was the first time they had ever seen or heard from Mr. Carlson. They further stated that "[i]t has always been our understanding that Mr. Malnar and Mr. Carlson were equal partners in this purchase."
Almost a year later, the Defendant obtained a contradictory sworn statement from Charles Richardson stating that he had met Mr. Carlson and Mr. Malnar together and that he had sold the property to Mr. Carlson as Golden Valley, Ltd. In light of this obvious dispute of fact, the Defendant concedes for purposes of summary judgment it must be assumed the Plaintiff brought the Richardsons into contact with the Defendant. The Plaintiff claims, and the Defendant does not deny, that the purchasing documents were drafted by the Plaintiff. The Defendant admits that no commission was ever paid to the Plaintiff for the sale of the property and offers no explanation for the Plaintiff's involvement in the transaction.
The Real Estate Purchase and Sale Agreement was signed by "Robert Carlson (Gen. Partner) for Golden Valley Ltd and or Assigns." However, the real estate contract lists the purchaser as "Golden Valley Ltd., a Washington corporation." The record shows that Golden Valley Ltd. was not incorporated until some time after the purchase of the property. The Defendant is the sole shareholder and officer of that corporation. The Plaintiff's Declaration states he was not ever aware that "Golden Valley Ltd" was later incorporated, and that he believed this was the name of the partnership that he and the Defendant were going to use to hold the property. He asserts that not until he received a letter from the Defendant dated January 18, 1989, denying the existence of the partnership agreement, was he told that Golden Valley was a corporation.
The Plaintiff declares that he arranged the purchase of the property, prepared most of the documents, and performed a great deal of work developing the property for resale. His Declaration states he worked with surveyors, heavy equipment operators, real estate agents, and bankers to help develop the land. He states he submitted to the Defendant 1,300 pages of documents and logs showing the time spent developing the property. The Defendant states the Plaintiff did not submit the documents to the court but does not deny having received them. The Defendant's Affidavit states that he has not accepted money, labors or other deeds from the Plaintiff so as to confer interest in the property. However, the Defendant submitted copies of checks, dated from October 1985 to January 1986 payable to the Plaintiff as reimbursement for "diesel gas," "blasting bill" and "cat parts" on Golden Valley. There is no indication why the Plaintiff was involved with the purchase or development of the property if he was not the real estate agent receiving a commission and was not at all involved in developing the property or in any partnership relationship. The Plaintiff was no longer working for the Defendant's real estate firm after February 1984, and the checks were dated after that date.
The record contains a copy of an easement granted from a third party that benefits the Golden Valley property. Both the Plaintiff and the Defendant are named as grantees of the easement. The Plaintiff claims, and the Defendant does not deny, that Mr. Malnar obtained the easement which benefits the Golden Valley property. The Defendant states that the easement names the Plaintiff only because it also benefits the adjacent property which is owned by both parties. However, the Plaintiff disputes this, and this issue remains an unresolved factual dispute. From the face of the easement, it is only possible to determine that the benefited property included the Golden Valley land.
According to the Plaintiff, he repeatedly asked the Defendant to put their partnership agreement on the Golden Valley property in writing, as had been done after purchase of *458 property in their prior partnerships, but that the Defendant had made excuses and promised to do so at a later date.
On May 11, 1988, the Plaintiff and the Defendant had a meeting at which the Defendant left angry and shouting. There is no information in the record to indicate what the meeting was about or why the Defendant was angry. It does appear the parties were also involved in a dispute over the sale of some unrelated property. The Plaintiff alleges the May 11 meeting was a dispute over this other partnership property and did not even involve the present dispute. When asked in his deposition whether he met with the Defendant after this meeting, the Plaintiff responded that he did not know and that the Defendant had been at the office building a time or two and that he had "seen him out there." The Plaintiff also states that since the Defendant had run out of money to continue development of the Golden Valley property, there was no reason for meetings and that their prior course of conduct on other partnerships had not included meetings. The Defendant does not deny that active development had ceased on the property because of lack of funds or that the parties had not had meetings during prior partnerships.
On January 5, 1989, the Plaintiff wrote a letter to the Defendant regarding a variety of disputed matters. The Defendant responded by letter dated January 18, 1989, in which he discussed a number of disputed matters and concluded by denying he had ever entered into a partnership agreement with the Plaintiff regarding the Golden Valley property. The Defendant stated that the Plaintiff was not entitled to any commission for the sale of that property, that they had no verbal partnership, and that the Plaintiff had no interest in Golden Valley. On January 17, 1992, one day short of three years later, the Plaintiff filed this action.
The trial court granted the Defendant's motion for summary judgment and dismissed the suit, finding the statute of limitation had run. Although the trial court's reasoning is not part of the record, the parties appear to agree the trial court found the statute of limitation began to run on the date the Golden Valley property was purchased. The Court of Appeals, in an unpublished opinion, affirmed the dismissal on statute of limitation grounds but found the limitation period began to run on May 11, 1988, the date the parties "had a heated argument over their relationship." Malnar v. Carlson, No. 16722-1-II, slip op. at 6. We accepted review.

ISSUES
1. Is Plaintiff's claim barred by the statute of limitation?
2. Does an oral agreement between partners to buy and sell real estate and to divide the profits violate the statute of frauds?
3. Did the Defendant meet his burden of proof to demonstrate the absence of any genuine issue of material fact regarding the existence of a partnership or joint venture between the parties?

DISCUSSION

Statute of Limitation
The statute of limitation for an action on a contract or liability, express or implied, which is not in writing and does not arise out of any written instrument is three years. RCW 4.16.080(3). The parties here do not dispute that the three-year statute of limitation applies to this action involving an oral contract to form a partnership. The dispute involves when this statute of limitation period began to run.
The statute of limitation time period generally runs from the time an action has accrued. Rice v. Dow Chem. Co., 124 Wash.2d 205, 211, 875 P.2d 1213 (1994). A cause of action accrues when a party has a right to apply to a court for relief. E.g., U.S. Oil & Ref. Co. v. Department of Ecology, 96 Wash.2d 85, 91, 633 P.2d 1329 (1981).
In an action for an accounting of the affairs of a partnership, the time of accrual is governed by the Uniform Partnership Act. RCW 25.04. See also Russell G. Donaldson, Annotation, When Statute of Limitations Commences to Run on Right of Partnership Accounting, 44 A.L.R.4th 678, 684 (1986). In Washington, a cause of action for the accounting *459 of a partnership interest accrues at "dissolution." RCW 25.04.430 provides:
The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary.

See also Taplett v. Khela, 60 Wash.App. 751, 754-58, 807 P.2d 885 (1991) (under RCW 25.04.430, the right to a partnership accounting accrues at dissolution); Washington State Bar Ass'n, Washington Partnership Law and Practice Handbook § 6.2.2, at 6-3 (1984). Additionally, RCW 25.04.220 provides in relevant part:
Any partner shall have the right to a formal account as to partnership affairs:
(1) If he is wrongfully excluded from the partnership business....
The statutory period of limitation does not begin to run against an action for an accounting prior to the dissolution of the partnership, or the exclusion of the complaining partner from participating in the affairs of the partnership. Davis v. Alexander, 25 Wash.2d 458, 467, 171 P.2d 167 (1946); see also Finkelstein v. Security Properties, Inc., 76 Wash.App. 733, 736, 888 P.2d 161 (exclusion and dissolution each give rise to a cause of action for an accounting of a partnership), review denied, 127 Wash.2d 1002, 898 P.2d 307 (1995); see also Colwell v. Eising, 118 Wash.2d 861, 867, 827 P.2d 1005 (1992). Dissolution of a partnership is defined by statute. RCW 25.04.290 provides:
The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from winding up of the business.
Washington cases hold that partnerships are presumed to continue until evidence shows a dissolution has occurred. Alaska Banking & Safe Deposit Co. v. Simmons, 67 Wash. 673, 678, 122 P. 319 (1912); see Carstens v. Earles, 26 Wash. 676, 694, 67 P. 404 (1901). The party moving for summary judgment based on the statute of limitation has the burden to show there is no material dispute of fact regarding the date of dissolution. See Finkelstein, 76 Wash.App. at 736, 888 P.2d 161.
In the present case, there is no evidence of the dissolution of the partnership or the exclusion of the Plaintiff from the partnership until the Plaintiff received the Defendant's letter dated January 18, 1989.
The trial court's apparent holding that the cause of action for an accounting of the partnership accrued on the date the property was acquired is not supported by any evidence in the record. The purchase of the Golden Valley property is allegedly the beginning, and not the dissolution, of the partnership.
There is no evidence that indicates the Plaintiff was being excluded from the alleged partnership at the time of the purchase of the property. Although the real estate contract was ultimately signed by the Defendant as "Golden Valley Ltd., a Washington corporation," there is evidence in the record which shows that such a corporation did not exist at the time of the purchase. More importantly, the Plaintiff's Declaration states he was not aware Golden Valley had been incorporated after the purchase and that he was not aware of the existence of Golden Valley as a corporation until January 18, 1989, when the Defendant informed him in writing that he was denying the existence of the partnership. The Plaintiff relies on the Real Estate Purchase and Sale Agreement in which the Defendant signed as "Robert Carlson (Gen. Partner) for Golden Valley Ltd and or Assigns." The Defendant offers no explanation as to why he signed as a "general partner" if no partnership existed. He claims he was always the sole owner of the property and had no partners in the acquisition or development of the property. Although the Defendant does not deny that the Plaintiff located the property and introduced him to the seller and prepared the real estate documents, he offers no explanation for the Plaintiff's participation in the purchase. Additionally, it is undisputed that the Plaintiff and the Defendant had prior partnerships for the development of property where the property was held in the name of another entity or where only the Defendant signed the real estate documents in his own name.
*460 The Defendant appears to be arguing that the fact the Plaintiff had no legal ownership in the corporation which the Plaintiff asserts owns the property proves there is no partnership. However, a partnership may be found to exist even though title to the alleged partnership property is held in the name of only one of the alleged partners. E.g., Davis, 25 Wash.2d at 463-66, 171 P.2d 167; In re Estate of Thornton, 81 Wash.2d 72, 499 P.2d 864 (1972).
The record also does not support the conclusion by the Court of Appeals that the statute of limitation began to run on the date the parties had a heated argument over their relationship. There is no evidence in the record about the substance of the argument which occurred on May 11, 1988. The Plaintiff alleges the meeting involved a dispute about a different piece of property which the parties owned together. There is nothing in the record which would indicate otherwise. The Defendant does not allege that the May 11 meeting was concerning the Golden Valley property, and neither party alleges that any statement was made that either party considered their partnership to be terminated. Since there is no evidence that the partnership regarding the Golden Valley property was even discussed at the May 11 meeting, it is error to conclude a dissolution of the partnership occurred on that date.
We hold the Court of Appeals erred in holding as a matter of law that the partnership dissolved on May 11, 1988. As noted, in a motion for summary judgment the facts must be considered in the light most favorable to the nonmoving party. E.g., Simpson Tacoma Kraft Co., 119 Wash.2d at 646, 835 P.2d 1030. Taking the evidence in the light most favorable to the Plaintiff, the nonmoving party, a material dispute of fact exists as to when the partnership was dissolved. The only evidence in the record which shows a denial of the existence of the Golden Valley partnership is contained in the letter from the Defendant to the Plaintiff dated January 18, 1989. Within three years of that date the Plaintiff filed suit. Since a material dispute of fact exists on when the statute of limitation time period began to run, the factual issue must be decided by the finder of fact on remand.

Statute of Frauds
The Defendant argues that even if the statute of limitation has not run on the cause of action, the verbal partnership agreement is unenforceable because it violates the statute of frauds. We disagree.
The Defendant relies on RCW 64.04.010 which generally requires conveyances of real estate to be by deed. This statute does not apply to the present case. In Washington an oral agreement of partners for the purpose of buying and selling real estate, whereby lands are purchased and held in the name of one partner for profit and resale, is not within the statute of frauds. Such agreements are not contracts for the sale or transfer of interests in land and need not be in writing. Davis, 25 Wash.2d at 463-66, 171 P.2d 167; Froiseth v. Nowlin, 156 Wash. 314, 287 P. 55 (1930); see King v. Northern Pac. R.R., 27 Wash.2d 250, 177 P.2d 714, 171 A.L.R. 190 (1947); Washington Partnership Law and Practice Handbook, supra, § 3.5.2. This law is in accord with settled contract law. E.g., 2 Arthur L. Corbin, Corbin on Contracts § 411 (1950) (a contract between two persons to go into the business of buying and selling real estate as partners or as joint adventurers, sharing the profits and losses thereof, is not within the statute of frauds unless there is a provision for the transfer of specific land from one party to the other); see also 2 Lawrence A. Cunningham & Arthur A. Jacobson, Corbin on Contracts 123 (Supp.1994); John D. Calamari & Joseph M. Perillo, Contracts 797 (3d ed. 1987) (a contract between partners to buy and sell real estate and to divide the profits is not within the statute of frauds section relating to interests in land); Claire M. Dickerson, Partnership Law Adviser § 2.1.1, at 27 (1991) (a partnership formed for the purpose of buying real estate need not be in writing).
The Defendant also argues that the partnership agreement is unenforceable because it violates the portion of the statute of frauds which requires a writing for an agreement that by its terms is not to be performed *461 in one year. The Defendant relies on RCW 19.36.010. We rejected this argument in a case with similar facts to the present case. In Davis v. Alexander, 25 Wash.2d 458, 171 P.2d 167, this Court was considering a case where two parties had an oral agreement to form a partnership for the purpose of buying and reselling real estate and to divide the profits, the plaintiff contributing his skill in buying and selling the properties and the defendant contributing the purchase money. We held that the provision of the statute of frauds invalidating an oral agreement which by its terms is not to be performed within one year had no application to the oral partnership because it was for an indefinite length of time and terminable at will. Davis, 25 Wash.2d at 466, 171 P.2d 167. This holding is in accord with established contract law. Calamari & Perillo, supra, § 19-18 (if, by its terms, performance is possible within one year, however unlikely that may be, the agreement is not within the statute of frauds; and it is also legally immaterial that the actual period of performance exceeded one year).
There is nothing in the alleged partnership in the present case to bring it within the statute of frauds. The partnership did not involve the transfer of the land from one of the partners to another, and the agreement could by its terms have been performed within a year. According to Washington law and black letter contract law, the alleged oral agreement was not violative of the statute of frauds.

Summary Judgment on the Existence of the Partnership
The Defendant argues that he met his burden of showing the absence of any genuine issue of material fact regarding the existence of a joint venture or partnership relationship between the Plaintiff and himself and that summary judgment was properly granted. The record does not support this contention.
When reviewing an order of summary judgment, this Court engages in the same inquiry as the trial court. A summary judgment motion can be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The court must consider the facts in the light most favorable to the nonmoving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990); CR 56. The burden of showing there is no issue of material fact falls upon the party moving for summary judgment. Hash v. Children's Orthopedic Hosp., 110 Wash.2d 912, 915, 757 P.2d 507 (1988).
The pivotal issue in this case is whether the parties entered into a partnership agreement regarding development of the Golden Valley property. This Court has explained that the existence of a partnership depends upon the intention of the parties. That intention must be ascertained from all of the facts and circumstances and the actions and conduct of the parties. While a contract of partnership, either expressed or implied, is essential to the creation of the partnership relation, it is not necessary that the contract be established by direct evidence. A partnership may be found to exist even though title to the alleged partnership property is held in the name of but one of the alleged partners. Where, from all the competent evidence, it appears the parties have entered into a business relation combining their property, labor, skill and experience, or some of these elements on the one side and some on the other, for the purpose of joint profits, a partnership will be deemed established. E.g., In re Thornton, 81 Wash.2d at 79, 499 P.2d 864 (citing Nicholson v. Kilbury, 83 Wash. 196, 202, 145 P. 189 (1915)); Kintz v. Read, 28 Wash.App. 731, 734, 626 P.2d 52 (1981); see also Goeres v. Ortquist, 34 Wash. App. 19, 22, 658 P.2d 1277 (where no express agreement exists, whether the parties have entered into a joint venture is a question of fact), review denied, 99 Wash.2d 1017 (1983); Ocean View Land, Inc. v. Wineberg, 65 Wash.2d 952, 400 P.2d 319 (1965) (whether there existed an oral agreement of partnership or joint venture involved factual dispute).
*462 The determination whether a partnership existed in this case cannot be determined on summary judgment because of the existence of material disputes of fact. The Plaintiff states under oath in his Declaration that he and the Defendant had a verbal partnership for the acquisition, development and sale of the Golden Valley property. While the Defendant admits the existence of other prior partnerships to buy and sell land between the parties, he denies the existence of a partnership regarding the Golden Valley land. The Defendant signed the earnest money agreement as a "general partner," and there is an easement in favor of the subject property granted in the names of both the Defendant and the Plaintiff. There are receipts in the record for reimbursement to the Plaintiff for "cat parts," "diesel gas," and "blasting." The Defendant does not deny that the Plaintiff drafted the purchase documents or that the Plaintiff submitted to him 1,300 pages of documents showing work the Plaintiff alleges he performed in developing the property for resale. The Defendant has offered no explanation for the Plaintiff's involvement in the purchase or alleged development of the property. There are contradictory statements from the seller of the property, one of which states that he understood that the Plaintiff and Defendant were equal partners in the purchase of the property. Essentially, this case rests on the credibility of the parties who make conflicting statements of fact. Determinations of matters of credibility are for the trier of fact. The Defendant has failed to carry his burden to show there is no material dispute of fact. Hence, summary judgment dismissing the cause of action was improper.

CONCLUSION
We reverse the grant of summary judgment and remand for trial. We hold that a material dispute of fact exists on the issue of when the statute of limitation started to run on the cause of action, that the alleged oral agreement is not within the statute of frauds, and that there are material disputes of fact regarding the existence of the alleged partnership which prohibit summary judgment.
DURHAM, C.J., DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER and TALMADGE, JJ., and PEKELIS, J. Pro Tem., concur.
SANDERS, not participating.
NOTES
[1] Although the original complaint referred to a "joint venture" between the parties, all of the other documents and briefing address the issue whether there was a partnership. Washington case law indicates that a joint adventure is in the nature of a partnership and the rights, duties and liabilities of joint adventurers are generally subject to the rules applicable to partnerships. E.g., Rains v. Walby, 13 Wash.App. 712, 720, 537 P.2d 833 (1975), review denied, 86 Wash.2d 1009 (1976); Barrington v. Murry, 35 Wash.2d 744, 752, 215 P.2d 433 (1950); Rayonier, Inc. v. Polson, 400 F.2d 909, 914 (9th Cir.1968).