IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GURPAL SINGH, an individual,

Appellant,

v.

PRITPAL SINGH and GURBAKSH KAUR, husband and wife and the marital community composed thereof,

Respondents.

No. 88109-4-I

DIVISION ONE

UNPUBLISHED OPINION

DíAZ, J. — Gurpal Singh and Pritpal Singh[1] are unrelated former friends who once collaborated on the purchase and management of several homes. After Pritpal reassigned responsibilities away from Gurpal, he sued Pritpal for profits allegedly owed in relation to one such property in SeaTac. After a bench trial, the court found in favor of Pritpal. We affirm because there is substantial evidence for the court's findings of fact and Gurpal identifies no legal error.

## I.     BACKGROUND

The parties present conflicting characterizations of the history of their relationship and disagree about what exactly the court found. But the following facts are not contested.

---

[1] For clarity, we refer to the parties by their first names, with no disrespect intended.

In 2005, Pritpal purchased a parcel of real property located in SeaTac. Pritpal alone paid the down payment for it and his name was on the title. For about a decade afterward, Gurpal operated the property for Pritpal, who does not speak English, managing tenants and providing other maintenance-related services. Gurpal concedes that they did not enter into a written contract, claiming instead that their conduct during this time created a partnership or joint venture by operation of law.

Starting around 2017, Pritpal became more involved with the house after learning that over the years since the purchase, it had sustained physical damage and was facing a threat of foreclosure. At that point, a different person began to manage the outstanding costs and repairs for the house, in place of Gurpal.

Subsequently, Gurpal sued Pritpal under two causes of action. He claimed (1) he held an interest in the property due to an implied partnership or joint venture between Pritpal and him, and (2) he had contributed his own money in a way which benefited the property and unjustly enriched Pritpal.

Over a two-day bench trial in March 2025, the court heard testimony from both parties and other witnesses, as well as admitting a number of exhibits. Thereafter, it found in favor of Pritpal in an oral ruling and a written order conveying its findings and conclusions. The court determined that Gurpal had failed to adduce evidence proving he was entitled to recover under either of his theories. Gurpal timely appeals.

II.     ANALYSIS

A.      Substantial Evidence for the Court's Findings Supporting Dismissal

Gurpal primarily criticizes the court's decision to "believe" Pritpal's testimony, rather than other testimony, and insists that "[t]he evidence at trial reflected a partnership between Gurpal and Pritpal to work together towards joint profits." As presented succinctly in his assignment of error, Gurpal claims there was no substantial evidence for the court's factual findings underlying its determination that he failed to prove his causes of action. We disagree.

Following a trial court's decision in a bench trial, we review its findings of fact for substantial evidence. See The-Anh Nguyen v. City of Seattle, 179 Wn. App. 155, 163, 317 P.3d 518 (2014). Whether or not a court applies the correct label to a given finding or conclusion, we treat it "for what it really is." Id. (internal quotation marks omitted). Moreover, where an appellant challenges a court's conclusions "not based on the law itself, but rather [by] claiming the findings do not support the conclusions," our review is "limited to determining whether the trial court's findings are supported by substantial evidence and, if so, whether those findings support the conclusions of law." Id. at 163-64.[2]

"Substantial evidence" is defined as "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrig.

---

[2] Gurpal avers that some of the court's findings of fact conveyed multiple facts and others really stated conclusions of law. We agree the court included legal determinations in its findings. But that simply means we will disentangle its actual factual findings, which we review for substantial evidence, from its application to the law, which we review de novo. The-Anh Nguyen, 179 Wn. App. at 163. We also note that Gurpal does not aver the court made an error of pure law, other than claiming Pritpal's loan violated the statute of frauds. But he never presented this argument to the trial court and, thus, it is waived. Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). This standard "is deferential" and requires that we view the evidence "in the light most favorable to the party who prevailed below." Garza v. Perry, 25 Wn. App. 2d 433, 453, 523 P.3d 822 (2023) (internal quotation marks omitted) (quoting State v. Living Essentials, LLC, 8 Wn. App. 2d 1, 14, 436 P.3d 857 (2019)).

What's more, when assessing the record for substantial evidence, we need only consider the evidence favorable to the prevailing party. The-Anh Nguyen, 179 Wn. App. at 163. If there is evidence which is sufficient to persuade a rational fair-minded person of a finding, we will not substitute our judgment for the trial court sitting as fact finder, regardless of whether we might have resolved a factual dispute differently. See Sunnyside, 149 Wn.2d at 879-80. Importantly, we "will not reweigh the evidence or the credibility of witnesses on appeal." Living Essentials, 8 Wn. App. 2d at 15.

We review the court's challenged findings of fact serially to assess whether they are supported by substantial evidence.

First, the court found that Pritpal and Gurpal "entered into no agreement to own and operate SeaTac House together as mutual agents." Gurpal argues there was no substantial evidence for that finding, which if grounded in tenable facts dooms both his partnership and joint venture claim. Malnar v. Carlson, 128 Wn.2d 521, 535, 910 P.2d 455 (1996) (holding that "the existence of a partnership depends upon the intention of the parties"); Latham v. Hennessey, 13 Wn. App. 518, 521, 535 P.2d 838 (1975) (holding that, among "the four essential elements of a joint venture," a plaintiff must show "a common purpose"). We disagree with

Gurpal.

The court found that "Pritpal testified credibly that he had no intention to form any kind of partnership with Gurpal with regard to the SeaTac House." Indeed, Pritpal's testified that he did not so intend and that they never even discussed such a joint purpose to share in profit. We may not reweigh the court's decision to credit Pritpal's testimony. Living Essentials, 8 Wn. App. 2d at 15. When combined with the fact that there is no written agreement in the record, we hold that a fair minded, rational person could reach the same finding.[3]

Second, the court found that "Gurpal helped Pritpal with the SeaTac House for reasons related to Pritpal's interest free loans to Gurpal for the Burien House." This finding refers to evidence offered at trial that, approximately three years before Gurpal began helping manage the SeaTac property, Pritpal had provided Gurpal a $100,000 loan, which he used to purchase a home he used as his residence.

Indeed, the court admitted an exhibit documenting the deed of trust for that residence in Pritpal's favor, which secured the loan. Furthermore, Pritpal testified that he lent Gurpal this money interest-free, in a verbal agreement without any formal documentation or repayment plan. And his testimony also indicated Gurpal had not repaid him, as of the time he purchased the SeaTac parcel.

For his part, Gurpal claims he managed the SeaTac property, not because

---

[3] Gurpal further claims that the court only considered Pritpal's subjective and self-serving testimony rather than considering objective evidence about their actions. But that is simply not borne out by the court's order and the totality of the record and, again, we may not reweigh its credibility determinations. Living Essentials, 8 Wn. App. 2d at 15.

of this loan, but because he was acting as an implied partner. Gurpal also cites to testimony that he was deriving other benefits from managing the property, such as collecting rents, and that the arrangement was about more than merely repaying a loan. While the informality of this loan and complexity of the parties' informal arrangements may support Gurpal's understanding of the events, that is not the question before us. Garza, 25 Wn. App. 2d at 453. It is immaterial whether the record could support a contrary outcome. Sunnyside, 149 Wn.2d at 879.

We conclude that a fair-minded, rational person could find, as the trial court did, that "[t]he facts in this matter are consistent with Gurpal helping Pritpal with the SeaTac House because of his debt to Pritpal on the prior unsecured loan from Pritpal." Again, we will not reweigh the court's decision to credit Pritpal's testimony over Gurpal's as to the primary purpose and effect of this loan. Living Essentials, 8 Wn. App. 2d at 15. In short, the court had substantial evidence for its finding.[4]

Finally, we note that an "unjust enrichment" requires inter alia "a benefit conferred upon the defendant by the plaintiff." Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc., 61 Wn. App. 151, 159-60, 810 P.2d 12 (1991) (quoting BLACK'S LAW DICTIONARY 1535-36 (6th ed. 1990)). On this point, far from conferring a benefit, the court found Gurpal bore responsibility for the house falling into disrepair and facing foreclosure. In fact, it found "Gurpal kept these facts from Pritpal until they

---

[4] Gurpal also confusingly contends that the court failed to follow case law which precludes double recovery where a defendant pleads an affirmative defense in a breach of contract case, despite then admitting that Pritpal made no such "offsets" claim here. The question was not whether Pritpal was entitled to an offset, but whether substantial evidence supported the absence of a partnership or joint venture. There is such evidence the loan undermined such a purpose.

became too much to hide in about late 2015."[5]

In response, Gurpal first confusingly states that "[t]hese findings are utterly inconsistent with the rest of the trial court's decision, under which it found that Gurpal had no legal relation to the house and no partnership existed." It is unclear what is inconsistent about finding that, not only was there not a partnership, but Gurpal conferred no ultimate benefit on the property by failing to manage it appropriately.

Gurpal also claims, "The evidence at trial showed that, if Gurpal had not addressed the liens and red tag, the partnership likely would have lost the house altogether to foreclosure." Similarly, he asserts that there is no substantial evidence for the court's oral finding that he did not contribute any funds to purchase the property.

As to the former, Gurpal cites to nothing in the record in support of that statement. See Brownfield v. City of Yakima, 178 Wn. App. 850, 875-76, 316 P.3d 520 (2013) (noting that RAP 10.3(a)(6) requires parties to provide citations to relevant parts of the record). As to the latter, Gurpal provided no evidence that, e.g., the sum he purportedly contributed as "earnest" money was actually sourced from his own funds. In fact, there was evidence countering Gurpal's contention that his contributions conferred benefits on Pritpal. That is, Pritpal testified Gurpal made mortgage payments and utility and repair-related payments for the property by using the rent he collected from tenants.

---

[5] Otherwise, Gurpal's briefing on his unjust enrichment theory wholly fails to identify what improvements or benefits he created in the property from his purported financial contributions over a period in which the record indicates it devolved.

In summary, we conclude there is substantial evidence for the court's various factual findings and those findings support its legal conclusions.  The-Anh Nguyen, 179 Wn. App at 163-64.[6]

III.    CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Coburn, J.                              Mann, J.

---

[6] We do not reach Gurpal's remaining claim of error regarding the statute of limitations because the court's related determination was an independent basis for its overall decision.  Indeed, Gurpal acknowledges the court expressly stated that its "finding of fact" about the timing of the suit "[s]eparately. . . time bars Gurpal's claims[.]"  And we do not grant Prital's request for fees, which he seeks only "if [we] reman[d] for fact finding or for the additional presentation of evidence[.]"