[No. 18906. Department One. April 27, 1925.]

## C. W. HILL PRINTING COMPANY, *Appellant,* v. BLAIR RE-SEATER COMPANY, *Respondent.*[1]

PRINCIPAL AND AGENT (9)—EVIDENCE OF AGENCY—SUFFICIENCY—INFERENCES. The fact of agency for a corporation in ordering printing supplies is not shown and cannot be inferred where it merely appears that an officer of the corporation called to look at the work with the alleged agent who had ordered it, and signed one of the printed folders containing a warranty, where there was an equal inference that the alleged agent was operating on his own account in sales of articles manufactured by the corporation.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 18, 1924, dismissing an action on contract, after a trial on the merits to the court. Affirmed.

*Roy A. Redfield,* for appellant.

*Post & Russell,* for respondent.

[1]Reported in 235 Pac. 36.

MAIN, J.—This action was brought to recover $278.95, claimed to be owing to the plaintiff by the defendant. The cause came on for trial before the court without a jury. At the conclusion of the plaintiff's testimony, the defendant challenged the sufficiency thereof and moved for judgment. The motion was sustained, and a judgment entered dismissing the action, from which the plaintiff appeals.

The appellant is a corporation engaged in the printing business. The respondent is a corporation engaged in the manufacturing business. One E. M. Stock ordered from the appellant envelopes, letterheads, circulars and a folder. One of the steps in the preparation of the folder was the making of half-tone cuts. The engraver who made them testified that Stock brought the tools themselves to the engraver's place and photographs were made and the cuts prepared. During the progress of this work, the secretary-treasurer of the respondent called at the engraver's place of business in company with Stock to look at the cuts. The fact that the secretary-treasurer had so called was communicated by the engraver, as the testimony shows, to the appellant. When the work was done by the printer, it was not delivered to the respondent, but to Stock. One of the circulars contained a warranty. The president and secretary of the respondent on one occasion went to Stock's office and signed these warranties. The folder, circulars, etc., set forth the merits of what is called a reseater tool.

When the action was brought the respondent defended on the ground that Stock was not its agent. The appellant contends that there was either an implied or an ostensible agency. It is not necessary here to discuss the difference between the two. Agency may be proven by facts and circumstances, and does not necessarily need to be established by direct evidence.

In this case, there is no direct evidence of agency, and the question is whether agency is to be inferred from the facts and circumstances as they appear in the evidence offered by the appellant. In Mechem on Agency (2d ed.), § 273, it is said:

"But it is not to be inferred, however, that authority is, in any case, to be implied without reason, or presumed without cause. The implication must be based upon facts for which the principal is responsible, and cannot arise from any mere argument as to the convenience, utility or propriety of its existence. So, too, the facts from which it is sought to be implied are to be given their natural, legal and legitimate effect, and this effect is not to be expanded or diminished in order to establish or overthrow the agency. . . ."

The inference from the evidence in the present case is just as consistent with the fact that Stock was operating on his own account, and that his purpose was to push the sale of the article manufactured by the respondent, as it is with agency. The burden was on the appellant to make out a case. The trial court considering the facts concluded that there was not an inference of agency from the facts proven, and in this we think the conclusion was correct.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.