[No. 22718. Department One. December 11, 1930.]

ANNIE ABRAHAMSON *et al., Appellants,* v. S. P. PAYSSE *(doing business under the name and style of Paysse Hardware Company), Respondent.*[1]

*Nelson R. Anderson,* for appellants.
*Tucker & Tucker,* for respondent.

MITCHELL, C. J.—This action was brought to recover a balance alleged to be due on an open account for goods, wares and merchandise sold and delivered. The complaint alleged in substance that, during several years down until February 14, 1919, plaintiffs sold and delivered goods to the defendant in the total amount of $4,885.53, and that from time to time, upon dates mentioned in the complaint, during those years and down until June, 1919, defendant made payments on the account in the sum of $3,689.08, and that further payments in the sum of $25.75 were made by the defendant by way of the sale and delivery to plaintiffs of goods, wares and merchandise in the months of May and August, 1923, leaving a balance of $1,170.70 due and owing, for which judgment was demanded. Among other things, the answer denied that the sale and de-

[1]Reported in 293 Pac. 985.

livery by the defendant to plaintiffs of goods, wares and merchandise in May and August, 1923, in the sum of $25.75 was or was intended to be a payment on any debt claimed to be due the plaintiffs; and the further answer that plaintiffs' cause of action, if any, was barred by the statute of limitations. On the trial without a jury, the decision was for the defendant. The plaintiffs have appealed from a judgment dismissing the action.

The last item on either side of plaintiffs' account prior to the sale and delivery by the respondent to the appellants of goods and merchandise to the amount of $25.75 in May and August, 1923, was June, 1919—nearly four years. The question in the case therefore is, Was the sale and delivery of the $25.75 worth of goods made by the respondent to the appellants in 1923 a payment on the old debt so as to revive it as against the three-year statute of limitations? Discussing the law on this subject in a case similar in this respect, this court said in *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974:

"The payment must be made under such circumstances as to show an intentional acknowledgment by the debtor of his liability for the whole debt as of the date of payment, from which arises a new implied promise, supported by the original consideration, to pay the residue."

In *Barteloot v. Remillard,* 130 Wash. 587, 228 Pac. 690, we approved the rule formulated in the syllabus in the case of *Arthur & Co. v. Burke, supra,* as follows:

" 'A barred debt is not revived by part payment unless the circumstances show a clear and unequivocal intention on the part of the obligor to revive the whole debt; . . .' "

In the present case the trial judge found that, at the time of the sale of merchandise in 1923 by the respond-

ent to the appellants, the respondent did not recognize the existence of any prior indebtedness, and that those items of the sale of merchandise in 1923,

". . . were outright sales from the defendant to the plaintiffs on credit and were independent transactions, and it was not understood or agreed that they were a payment upon, or any part of, the original open, mutual account which had existed between the parties theretofore."

The intention of the parties in that respect and especially of the respondent, which after all is the test, is a question of fact; and while there was a conflict in the testimony in that respect on behalf of the respective parties, we are satisfied, upon an examination and consideration of all the testimony, that it preponderates in favor of the findings of the trial court.

Judgment affirmed.

PARKER, MAIN, TOLMAN, and HOLCOMB, JJ., concur.