[No. 26322. *En Banc.* February 9, 1937.]

E. B. STOCKDALE, *Appellant,* v. MARTIN HORLACHER
et al., *Respondents.*[1]

*Carl P. Lang* and *John E. Orr,* for appellant.

*H. J. Welty* and *W. L. LaFollette,* for respondents.

MAIN, J.—The plaintiff brought this action for a judgment upon a promissory note and to foreclose a mortgage by which the note was secured. The defendant Albert Horlacher answered by general denial. Other defendants pleaded affirmatively the statute of limitations. A trial to the court without a jury resulted in findings of fact from which it was concluded that the plaintiff could not prevail. From the judgment entered dismissing the action as to all of the defendants, the plaintiff appeals.

[1] Reported in 64 P. (2d) 1015.

The facts are these: December 29, 1924, the respondents Martin Horlacher and Walter Horlacher executed and delivered to the Bank of Rosalia their promissory note for the sum of thirty-five hundred dollars, payable one year after date and bearing interest at the rate of eight per cent per annum. On the same date, Martin Horlacher, who was at the time a bachelor, to secure the note, executed and delivered to the bank a mortgage covering a described quarter section of land in Whitman county. January 8, 1929, the bank assigned and transferred the note and mortgage to the appellant, E. B. Stockdale. The note not having been paid, the present action was begun August 3, 1935.

Albert Horlacher owned a quarter section of land adjacent to that covered by the mortgage, and from the time of the giving of the mortgage until March, 1929, Albert and Martin operated, jointly, the two quarter sections. During this time, the interest on the note was paid, from time to time, out of the proceeds of the crops, and was paid by Albert, acting as the agent for Martin.

In March, 1929, a disagreement between Albert and Martin took place, and, as a result thereof, Martin took certain of the equipment and moved from the farm, locating near Cheney, in Spokane county. Thereafter, Albert made two payments on the note, one by a note signed by him, dated December 29, 1929, for the sum of $280. An additional payment of fifty dollars was made March 1, 1932, by Albert delivering to the bank a cow of that value. No other payments were made.

Unless Albert Horlacher was the authorized agent of Martin in making the last two payments mentioned,

the plea of the statute of limitations is good, because, if the note has been kept alive, it is by reason of these payments.

Subsequent to Martin's leaving the farm, to representatives of the bank he made statements to the effect that:

"Al [Albert] was to pay the interest, accumulated interest, and also the taxes, and he was quitting and was going to let Al farm the land."

At another time he stated:

"He said he turned it over to Al and he didn't figure on ever getting anything out of the place."

Again,

"He said that he had turned the farm over to Al, that Al was to pay the interest."

There were other statements made by Martin, of like import, from time to time. Prior to the time the brothers separated and Martin moved away, the latter had a conversation with a representative of the bank with reference to giving the bank a deed in satisfaction of the mortgage and that Martin had promised that he would come to Rosalia on a certain day and fix the matter up, but, as the witness said:

"Well, he didn't do it. That's about all I know about that."

In 1934, Albert and Martin, with representatives of the bank, went to Spokane to discuss with representatives of the Federal Land Bank a matter in which that bank was interested by reason of the fact that it had a first mortgage upon the land involved in this action. That transaction, however, bore no relation to the mortgage of Martin to the Bank of Rosalia.

As above indicated, the single question involved upon the appeal is whether the note and mortgage, as against Martin Horlacher, was barred by the six-year statute of limitations. It was barred unless the statute was tolled by one or both of the last two payments. Whether those payments operated to toll the statute, as above appears, depends upon whether Albert, in making them, was the agent of Martin.

Agency is a matter which is not presumed, but must be proven, and the burden of proving it is upon the party who asserts it. Agency, of course, may be proven by facts and circumstances, and does not necessarily need to be established by direct evidence. *Hill Printing Co. v. Blair Re-Seater Co.*, 134 Wash. 221, 235 Pac. 36; *Koppler v. Bugge*, 168 Wash. 182, 11 P. (2d) 236.

Where reliance is placed upon a part payment to remove the bars of the statute, the burden of proving the payment within the statutory period rests upon the party asserting it. *Arthur & Co. v. Burke*, 83 Wash. 690, 145 Pac. 974. Where circumstances are relied upon to toll the running of the statute of limitations, they must show a clear and unequivocal intention on the part of the obligor to keep alive the debt. *Berteloot v. Remillard*, 130 Wash. 587, 228 Pac. 690; *Abrahamson v. Paysse*, 159 Wash. 516, 293 Pac. 985. Detached and fragmentary statements, susceptible of different interpretations, are not sufficient to remove the bar of the statute. *Bank of Montreal v. Guse*, 51 Wash. 365, 98 Pac. 1127.

We shall now inquire whether, under the rules of law stated, the evidence is sufficient to have tolled the running of the statute. The fact that Albert, as the agent of Martin, paid the interest out of the proceeds of the crops prior to the dissolution of the part-

nership and prior to the moving away by Martin, is not of persuasive force. After Martin moved away, owing to the difficulty between the two brothers, the situation was entirely different from what it had been before. From this time on, no inference could arise that Albert, when he made the two payments above mentioned, was acting as the agent of Martin. The conversation with a representative of the bank in 1928, with reference to the giving of a deed and fixing the matter up, having occurred prior to the time that Martin left the farm, is not of importance. The conference with representatives of the Federal Land Bank has no bearing upon the matter of present inquiry, as already indicated.

The question finally comes down to this, and that is, whether the statements of Martin, to the effect, as above quoted, that he had turned the farm over to Albert and that Albert was to pay the interest, are sufficient to make Albert the agent of Martin in making the last two payments and thus toll the running of the statute of limitations. These statements of Martin do not show a clear and unequivocal intention on the part of Martin to make Albert his agent, and, consequently, the statute of limitations was not tolled. Any statement that Albert may have made, not in the presence of Martin, is of no material consequence.

The case of *Ellis v. Snyder,* 83 Kan. 638, 112 Pac. 594, 32 L. R. A. (N. S.) 253, which is the most closely analogous to the present case of any of the cases cited by the appellant, is distinguishable in two respects. There, the payments of interest upon the mortgage were made by a tenant in common in the possession of the farm out of the proceeds of the crop which he had produced, and it was held that it would toll the statute as to the other tenants in common. Neither

of the elements mentioned is present in the case now before us.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, MILLARD, BLAKE, GERAGHTY, and ROBINSON, JJ., concur.

TOLMAN and BEALS, JJ., dissent.