IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| COLLEEN KELLY, an individual, | ) | No. 31091-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ALLIANZ LIFE INSURANCE | ) | |
| COMPANY OF NORTH AMERICA, a | ) | |
| corporation organized pursuant to the laws | ) | |
| of Minnesota, | ) | |
| | ) | |
| Respondent. | ) | |

KULIK, J. — Colleen Kelly appeals summary judgment dismissal of her lawsuit against Allianz Life Insurance Company. She contends the trial court erred in deciding her claims were time barred under the six-year statute of limitations applicable to contract based claims. Ms. Kelly additionally contends that she was entitled to 12 percent interest on the principal repayment rather than the 3 percent interest Allianz paid her when it returned her investment. We review a challenge to the statute of limitations de novo. Here, we agree that Ms. Kelly's action is time barred because she did not file within the six-year statute of limitations, which began to run on June 27, 2005, if not earlier when

she purchased the annuities in 2004. Ms. Kelly filed her lawsuit on August 19, 2011.

We affirm the trial court's summary judgment dismissal.

## FACTS

In 2004, Colleen Kelly purchased three annuity contracts from Curtis Horton, an Allianz Life Insurance Company insurance agent. On June 27, 2005, the Washington State Office of Insurance Commissioner informed Ms. Kelly that the annuities were not authorized for sale in Washington State. On August 5, 2005, Ms. Kelly then requested that Allianz terminate the contracts "at their current value, without penalty." Clerk's Papers (CP) at 104. She did not mention interest.

On September 13, 2005, Allianz notified Ms. Kelly that it agreed to cancel the three policies and return the premiums with 3 percent interest. With the cancellation letter, it included three checks for the premium money, plus 3 percent interest, for a total of $141,221.69. Ms. Kelly deposited the checks in her bank account and the funds cleared.

On March 20, 2006, Ms. Kelly contacted Allianz, stating that an attorney had advised her that she should have received a refund based on a 12 percent rate of interest. Over the next several years, Ms. Kelly and her attorney sporadically discussed the added interest Ms. Kelly claimed she was owed.

2

Ms. Kelly filed a lawsuit against Allianz on August 19, 2011, asserting a cause of action for unpaid interest in the amount of $14,544 under RCW 19.52.010.[1] Allianz filed a CR 12(b)(6) motion to dismiss, arguing that Ms. Kelly failed to allege any cause of action. The trial court denied the motion, but ordered Ms. Kelly to submit an amended complaint making a more definite statement under CR 12(e).

Ms. Kelly filed an amended complaint on December 19, 2011, asking for a declaratory judgment and asserting causes of action for rescission and restitution. She claimed that a 12 percent interest rate under RCW 19.52.010 applied to her restitution claim and asked for a judgment of $14,354, which represented the "remaining portion of full restitution which Allianz Life has not made." CP at 8.

Allianz moved for summary judgment, arguing that Ms. Kelly's causes of action were barred by the six-year statute of limitations for actions on contracts under RCW 4.16.040. Allianz also argued that even if Ms. Kelly's claims were not time barred, RCW 19.52.010 was inapplicable because the statute does not apply to private agreements between parties where those parties do not seek judicial relief. It also argued if Ms. Kelly's claims arose out of the rescission of the annuities, Allianz had properly

---

[1] RCW 19.52.010 states in relevant part: "(1) Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of twelve percent per annum where no different rate is agreed to in writing between the parties."

3

paid 3 percent interest, as agreed to by the parties. Allianz pointed out that RCW 19.52.010 applies only where no different rate is agreed to in writing by the parties.

Ms. Kelly responded that she was entitled to 12 percent interest because, upon rescission of the contracts, she had a common law right to restitution under RCW 19.52.010. She argued, "Allianz rescinded the Annuities, but its fulfillment of its rescission duties are not complete, and proper restitution including the proper applicable interest has yet to be made to Ms. Kelly." CP at 151. She also argued that her claims were not barred by the statute of limitations because her claim did not accrue until September 13, 2005, when Allianz paid 3 percent interest, rather than the statutory 12 percent.

The trial court granted Allianz's motion for summary judgment, ruling that Ms. Kelly's claims were time barred. It rejected Ms. Kelly's argument regarding the accrual date, stating: "I disagree that it's—that in this particular set of facts that it would be six years from September 13th of 2005." Report of Proceedings at 15. The trial court did not reach the other issues in its ruling. Ms. Kelly appeals.

ANALYSIS

*Summary Judgment—Statute of Limitations.* The issue is whether the trial court erred in summarily dismissing Ms. Kelly's claims as time barred under RCW 4.16.040(1).

4

We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court. *Auto. United Trades Org. v. State*, 175 Wn.2d 537, 541, 286 P.3d 377 (2012). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Huff v. Budbill*, 141 Wn.2d 1, 7, 1 P.3d 1138 (2000). We construe facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794, 64 P.3d 22 (2003). Summary judgment is appropriate if reasonable persons could reach but one conclusion. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Whether a claim is time barred is a legal question we review de novo. *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995); *Wilson*, 98 Wn.2d at 437. A statute of limitations is designed to protect individuals and courts from stale claims. *Burns v. McClinton*, 135 Wn. App. 285, 293, 143 P.3d 630 (2006). A statutory period begins to run when the plaintiff's cause of action accrues. *Malnar v. Carlson*, 128 Wn.2d 521, 529, 910 P.2d 455 (1996). A cause of action accrues when the party has the right to apply to a court for relief. *Id.* Accrual of contract claims occurs on breach. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 576, 146 P.3d 423 (2006).

5

No. 31091-4-III
*Kelly v. Allianz Life Ins. Co.*

Generally, the discovery rule does not apply to an action for breach of contract. *See 1000 Virginia Ltd.*, 158 Wn.2d at 576.

RCW 4.16.040(1) provides that contract based claims are subject to a six-year statute of limitations. The parties do not dispute the applicable statutory period, but disagree on the accrual date of Ms. Kelly's claims. Ms. Kelly contends that the six-year statute of limitations did not begin to run until September 13, 2005, when Allianz underpaid her by adding only 3 percent interest to her principal repayment. She contends that before that date, she had no actual dispute with Allianz regarding the amount of interest and, therefore, no basis to apply to a court for relief.

Allianz responds that Ms. Kelly is attempting to avoid dismissal under the statute of limitations by mischaracterizing her breach of contract claim as one for "'wrongful payment of interest.'" Resp't's Br. at 11. It argues that Ms. Kelly's claim accrued when she learned of the annuities' purported illegality on June 27, 2005, and that she could have asserted her claim for 12 percent interest at any time after the annuities were issued, including her request for rescission.

Arguably, if accrual of a contract claim occurs on breach, then Ms. Kelly's right to rescission accrued upon issuance of the unauthorized annuities in 2004. The contract was essentially breached at its inception, entitling Ms. Kelly to immediate restitution. *Noel v.*

6

*Cole*, 98 Wn.2d 375, 383, 655 P.2d 245 (1982). In fact, Ms. Kelly acknowledges as much, stating "she had a right to the money from the moment she paid for the illegal investment Annuities." Appellant's Br. at 10. Nevertheless, if the claim accrued upon discovery of the illegality, Ms. Kelly had a cause of action on June 27, 2005, when the Office of Insurance Commissioner informed her the annuities were unauthorized for sale.

Ms. Kelly argues that she did not have an "actual dispute" with Allianz regarding the amount of interest to be paid on her principal amounts until September 13, 2005, when Allianz paid the 3 percent interest on the principal repayments.[2] Appellant's Br. at 19. But her argument ignores the central fact that she was put on notice of the annuities' illegality in June 2005, more than six years before she filed her lawsuit. At that point, the elements for a cause of action on the contract were existent and known to Ms. Kelly. Ms. Kelly's failure to demand 12 percent interest did not delay or extend the statutory period.

---

[2] Ms. Kelly also argues that Allianz's "partial payment" tolled the statute of limitations under RCW 4.17.270, which provides that when partial payment is made on an existing contract, the statute of limitations commences from the time the last payment was made. Ms. Kelly did not raise this argument below; therefore, we need not reach this contention. However, even if we address the argument, it fails. "'Where circumstances are relied upon to toll the running of the statute of limitations, they must show a clear and unequivocal intention on the part of the obligor to keep alive the debt.'" *Walker v. Sieg*, 23 Wn.2d 552, 561, 161 P.2d 542 (1945) (quoting *Stockdale v. Horlacher*, 189 Wash. 264, 267, 64 P.2d 1015 (1937)). Nothing in the record suggests that Allianz had any intention to renew a debt or pay more in the future. Where no reasonable juror could find for the nonmoving party, summary judgment is proper. If Ms. Kelly had presented this

It is the fact of damage, not the amount, that is critical in determining when her claim accrued. In short, Ms. Kelly had grounds to sue Allianz in 2005, if not earlier. She did not file a lawsuit until over six years later. Accordingly, the trial court did not err in ruling that her claims were time barred under RCW 4.16.040(1).

The trial court did not reach the issue of what interest rate would apply. We affirm the trial court's summary judgment dismissal.

_____
Kulik, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Fearing, J.

---

argument, it would not have prevented summary judgment dismissal.