# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as trustee for MASTR Adjustable Rate Mortgage Trust 2007-1, mortgage pass-through certificates, series 2007-1, | ) ) ) ) ) | No. 69204-6-I |
| | ) | DIVISION ONE |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| BARBARA C. YOUNG, and all occupants of the premises located at 1601 1st Street, Kirkland WA 98033, | ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| KEVIN M. YOUNG, | ) ) | |
| Appellant. | ) ) ) | FILED: March 3, 2014 |

APPELWICK, J. — After Kevin Young failed to respond to U.S. Bank's unlawful detainer action, the trial court entered an order of default and a writ of restitution against him. Young appeals the denial of his motion to vacate the order and the writ. However, Young did not timely file his appeal. We dismiss.

## FACTS

U.S. Bank brought an unlawful detainer action against Kevin Young. Young did not respond to the summons and complaint. U.S. Bank subsequently moved for an ex parte order of default issuing a writ of restitution. The commissioner entered the default order on May 7, 2012. Young moved to vacate the order and stay enforcement of the writ. The commissioner denied his motions on May 25, 2012.

On June 5, 2012, Young filed a motion for revision, asking the court to strike the commissioner's order. The court denied Young's motion for revision on July 30, 2012. Young appealed on August 15, 2012.

## ANALYSIS

U.S. Bank argues that Young's appeal should be dismissed, because it is untimely. A party must file an appeal no more than 30 days after the trial court enters the decision the party wants reviewed. RAP 5.2(a).

Young's notice of appeal designated two orders for review: the default order issuing writ of restitution and the order denying his motion to vacate the default order. The commissioner entered the default order on May 7. It denied Young's motion to vacate on May 25. Young did not file his notice of appeal until August 15, more than 30 days after either order.

Young filed a motion for revision asking the superior court to strike the order denying his motion to vacate. His motion was denied on July 30. However, U.S. Bank maintains that the order on revision does not affect Young's deadline for filing his appeal, because the motion for revision was untimely.

RCW 2.24.050 requires a motion for revision to be filed within 10 days from the entry of the order or judgment of the court commissioner. Unless a demand for revision is made within that time period, the commissioner's order becomes the final order of the superior court. Id. The superior court does not have inherent authority to ignore this 10 day deadline. In re Marriage of Robertson, 113 Wn. App. 711, 714, 54 P.3d 708 (2002).

Here, the commissioner entered the order denying Young's motion to vacate on May 25. Therefore, Young's motion for revision needed to be filed by June 4. See CR 6(a). Young did not file his motion until June 5. The order denying Young's motion to vacate had already become final. See RCW 2.24.050.

The superior court had no authority to enter the order denying Young's motion for revision on July 30. As a result, the order dictating Young's appeal deadline was the commissioner's May 25 order denying Young's motion to vacate. Young filed his notice of appeal on August 15, more than 30 days later.

Young did not timely file his appeal.[1] We dismiss.

WE CONCUR:

---

[1] Young attached several exhibits to his brief that he uses to contest U.S. Bank's standing in the unlawful detainer action. U.S. Bank moved to strike these exhibits as they were not designated as part of the record and thus were not attached in compliance with the Rules of Appellate Practice. See RAP 9.1; RAP 9.6(a). Commissioner Neel referred this issue to the panel to determine whether we would nonetheless consider the exhibits. The motion is granted.