FILED
COURT OF APPEALS
DIVISION II

2015 JUN -9 AM 8: 46

STATE OF WASHINGTON

BY_____
           DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TACOMA SCHOOL DISTRICT NO. 10, a political subdivision of the State of Washington, | No. 46198-6-II |
| Respondent, | |
| v. | |
| OSKAR SCHOCK, "JANE DOE" SCHOCK, husband and wife, and any other individuals residing at 19607 Bay Road KPS, | UNPUBLISHED OPINION |
| Appellants. | |

JOHANSON, C.J. — Oskar and Birdie Schock (Schock) appeal the superior court's summary judgment order in favor of Tacoma School District No. 10 (the District). The superior court summarily dismissed Schock's counterclaims. Because Schock's counterclaims are barred by the applicable 30-day statute of limitations, we affirm.

## FACTS

In 1968, Oskar Schock moved into Camp Joshua Taylor (the Camp), a property the District owns. Since then, Schock has lived at the Camp, served as its caretaker, and performed custodial

and maintenance-related duties in exchange for free rent and utilities and use of the Camp's facilities. In 1971 or 1972, Schock discussed making improvements to the Camp with the District's business manager, Toney Shelton. Between 1971 and 1988, Schock made several substantial improvements to the Camp. Shelton retired from the District in 1980 and died in 1986.

In 1987, the District corresponded with Schock about his responsibilities and activities at the Camp and his alleged agreement with Shelton regarding the improvements. The District's business manager asked Schock for a copy of the agreement and any documentation of the improvements Schock had actually made. Schock responded in January 1988, stating that he did not have a copy of the agreement, explaining his understanding of his agreement with the District, and listing the improvements he had made. Specifically, Schock described his agreement with Shelton:

1. We will use the real estate appraisal method to reimburse improvements made.
2. If for some reason the property is for sale, I have the first option to buy.

Clerk's Papers (CP) at 91. Although Schock alleges that Shelton told him that the agreement was noted in his personnel file, neither Schock nor the District ever located a written agreement.

In February 1989, the District met with Schock to discuss its expectations of him as caretaker and to address the issue of compensation for improvements. In March 1990, the District's Superintendent Lillian Barna sent Schock a letter attempting to clarify Schock's responsibilities as caretaker and addressed Schock's claim for compensation for the improvements:

> A review of information you have given the District also indicates that it is your position that Toney Shelton, a former business manager for the District, had agreed to allow you to receive the increased valuation of the property as a result of your efforts to improve it. Specifically, you claim the right to receive the increased value of the property due to your remodeling or construction of buildings on the land. I note, however, that the vast majority of the improvements were performed without the specific approval of the District. In fact, it appears that some occurred after you

had been told not to make additional changes to the property without specific authorization, such as the addition in 1987 or 1988 of barbed wire fences abutting the cabins. A review of our records and all of the information you have provided us to date about the alleged arrangement with Mr. Shelton does not substantiate your claim. Furthermore, the records indicate that you have been amply compensated for your labor as well as materials which may have been used with District approval for improvements on the property. *Therefore, I am denying your claim for reimbursement based on the increased value to the property.* If you disagree with this determination, it should be raised with the Board of Directors within 30 calendar days or the District will consider the matter resolved.

CP at 98 (emphasis added). Schock appealed Barna's decision to the District's Board of Directors (the Board) and the Board denied his appeal on May 8, 1990. Schock did not appeal from the Board's decision.

In July 1990, in response to Schock's appeal to the Board, Barna wrote Schock that if he does not have any new information about his agreement with Shelton, the District "view[s] your claim for compensation for improvements to the property as closed." CP at 105. Schock had a final meeting with District officials in March 1991 to discuss their expectations of him as caretaker and to address any of his concerns. At this meeting, Schock again raised the improvements issue, but he did not have any new information about his agreement with Shelton.

In November 2012, the District gave Schock notice to vacate by February 2013. In April 2013, when Schock did not leave, the District filed a suit for ejectment and to quiet title. In his answer, Schock argued that he had "superior ownership" in the Camp improvements and that the "District lacks authority to seek ejection until all preconditions to ejectment are met—namely to compensate Schock for the Schock Improvements." CP at 8. Schock also counterclaimed on the basis of several contract and quasi-contract theories, seeking $300,000 in damages.

The District moved for summary judgment on its ejectment claim and Schock's counterclaims arguing that Schock's counterclaims should be dismissed, in relevant part, because either a 30-day or a three-year statute of limitations bars Schock's counterclaims. The superior court agreed with the District. Schock appeals the superior court's summary dismissal order.

## ANALYSIS

### I. STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment de novo. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A fact is material if it affects the outcome of the litigation. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 164, 273 P.3d 965 (2012). We review the facts in Schock's favor as the nonmoving party and also make all reasonable inferences from the facts in his favor. *Lyons*, 181 Wn.2d at 783.

### II. THE 30-DAY STATUTE OF LIMITATIONS BARS SCHOCK'S COUNTERCLAIMS

The District argues that Schock's counterclaims are barred by the 30-day appeal period after a school board's adverse decision. We agree with the District that because Schock did not appeal within 30 days from the Board's decision denying his reimbursement claim, his counterclaims are barred.[1]

---

[1] Even if we assume that the less onerous, three-year statute of limitations for oral contracts applies, the undisputed facts establish that in 1990, the Board denied Schock's claim for reimbursement and the superintendent told him the District considered his claim closed. Thus, the three-year statute of limitations would also bar Schock's counterclaims filed in 2013.

The statute of limitations is an affirmative defense and is the District's burden to prove as the party asserting it. *Young Soo Kim v. Choong-Hyun Lee*, 174 Wn. App. 319, 323, 300 P.3d 431 (2013). The statute of limitations period begins to run when a party's cause of action accrues and a cause of action accrues "when the party has the right to apply to a court for relief." *Kelly v. Allianz Life Ins. Co. of N. Am.*, 178 Wn. App. 395, 399, 314 P.3d 755 (2013) (citing *Malnar v. Carlson*, 128 Wn.2d 521, 529, 910 P.2d 455 (1996)), *review denied*, 180 Wn.2d 1004 (2014).

> Any person, or persons, either severally or collectively, aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order . . . may appeal the same to the superior court of the county in which the school district or part thereof is situated.

RCW 28A.645.010(1). The statute is a "clear 30-day statutory limitation . . . on the time within which an appeal must be taken from a school board decision." *Haynes v. Seattle Sch. Dist. No. 1*, 111 Wn.2d 250, 251, 758 P.2d 7 (1988). "'[M]erely changing the name of the action [to breach of contract] will not be sufficient to permit plaintiffs to change the forum and consequently avoid the time limit for appeal.'" *Haynes*, 111 Wn.2d at 255 (second alteration in original) (quoting *Benson v. Roberts*, 35 Wn. App. 362, 368, 666 P.2d 947 (1983)).

From 1987 until 1991, Schock and the District corresponded extensively about his alleged agreement with Shelton. In March 1990, Superintendent Barna sent Schock a letter summarizing Schock's position about his agreement with Shelton and unequivocally denying his claim. However, Superintendent Barna offered Schock the opportunity to appeal her decision to the Board: "I am denying your claim for reimbursement based on the increased value to the property. If you disagree with this determination, it should be raised with the Board of Directors within 30 calendar days or the District will consider the matter resolved." CP at 98. Schock appealed Barna's decision to the Board and on May 8, 1990, the Board also denied his claim. Under RCW

28A.645.010(1), Schock had 30 days from the Board's decision on May 8, 1990 to appeal to the superior court. Because he did not appeal that decision, we hold that his counterclaims are barred.[2]

### III. SCHOCK'S CLAIM WAS NOT REVIVED

Schock argues that the 30-day statute of limitations does not apply because Superintendent Barna "reopened" his claim when she offered to receive additional information about his claim in July 1990. We disagree and hold that Schock's claim was not reopened.

A debt on which the statute of limitations has run may be revived if a new promise is made "in some writing signed by the party to be charged thereby." RCW 4.16.280.

In her last letter to Schock, Barna asked, "Do you have any other information which would substantiate or help support your claim [for compensation for improvements]? If so, my staff will review it. Unless such information is forthcoming, however, we view your claim for compensation for improvements to the property as closed." CP at 61. Schock responded that he would search for more information but never provided any. Barna acknowledged that Schock made a claim but does not make a new promise to pay nor does she acknowledge that the District has any liability to Schock. His claim, therefore, was closed in 1990 after the Board's denial and it was not reopened nor revived.

Because the undisputed facts establish that the Board denied Schock's claim for reimbursement in May 1990, the 30-day statute of limitations in RCW 28A.645.010(1) bars his

---

[2] Because we hold that Schock's counterclaims are barred by the 30-day statute of limitations, we do not reach his remaining arguments.

2013 counterclaims as a matter of law. Accordingly, the trial court's summary dismissal of Schock's counterclaims is affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.
JOHANSON, C.J.

We concur:

Worswick, J.
WORSWICK, J.

Melnick, J.
MELNICK, J.