2015 SEP 14 AH 9: 10



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| KAY KAYONGO, | ) No. 72341-3-I |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DV PROPERTIES, LLC, | ) UNPUBLISHED OPINION |
| | ) |
| Respondent. | ) FILED: September 14, 2015 |
| | ) |

VERELLEN, A.C.J. — Kay Kayongo appeals the superior court's denial of her motions to reconsider or revise prior rulings related to CR 60 motions to vacate the dismissal of her lawsuit against DV Properties, LLC. Because Kayongo's motion for reconsideration was without merit and her motion for revision was untimely, we affirm.

## FACTS

On October 11, 2012, Kayongo, acting pro se, filed a lawsuit against DV Properties, her former landlord, alleging "theft" and fraudulent misrepresentation. Kayongo contended that when she moved out of her apartment on March 11, 2009, the property manager agreed to store some of her personal property for a period of six months, but instead disposed of the property as abandoned sometime in July 2009. Kayongo also claimed that the property manager gave her a false address, which resulted in the dismissal of a prior suit against DV Properties for insufficient

service of process. On November 25, 2012, Kayongo amended the complaint to omit the fraudulent misrepresentation claim.

DV Properties moved to dismiss Kayongo's suit as barred by the statute of limitations. On April 25, 2013, Judge Kimberly Prochnau granted DV Properties' motion and dismissed the suit.

On May 1, 2013, Kayongo filed a motion to vacate the order of dismissal pursuant to CR 60. On June 24, 2013, Judge Prochnau denied Kayongo's motion, reiterating that Kayongo's claims were barred by the statute of limitations.

On January 2, 2014, Kayongo again moved to vacate the dismissal order. On January 28, 2014, Judge Patrick Oishi denied the motion.

On March 11, 2014, Kayongo sought an ex parte order to show cause why the dismissal order should not be vacated. Commissioner Nancy Bradburn-Johnson denied the motion.

On June 5, 2014, Kayongo again moved to vacate the judgment. On June 19, 2014, Judge Oishi denied the motion, finding that the motion was "wholly without any legal justification or any substantive basis" and that it was also time-barred under CR 60(b) because it had been filed over one year after the order of dismissal.[1]

On June 25, 2014, Kayongo filed a motion entitled "Plaintiff Denies a Corruption, Fraud and Lying Order Entered by Court on 6-18-2014[2] For Her Notice

---

[1] Clerk's Papers (CP) at 608.

[2] Judge Oishi's order, dated June 18, 2014, was filed with the clerk on June 19, 2014. Generally, the date of entry is the date a signed order is filed with the clerk of the superior court. CR 5(e); CR 58.

2

Motion."[3] Judge Oishi treated this motion as a motion for reconsideration of his June 19, 2014 order and, on July 11, 2014, denied reconsideration. On the same day, Judge Oishi denied a motion filed by Kayongo on July 2, 2014 to revise Commissioner Bradburn-Johnson's March 11, 2014 order.

On July 28, 2014, Kayongo filed a pro se notice of appeal seeking review of (1) Judge Prochnau's April 25, 2013 order of dismissal; (2) Judge Prochnau's June 24, 2013 order denying her motion to vacate; (3) Judge Oishi's January 28, 2014 order denying her motion to vacate; (4) Commissioner Bradburn-Johnson's March 11, 2014 order denying her motion to show cause; (5) Judge Oishi's June 19, 2014 order denying her motion to vacate; (6) Judge Oishi's July 11, 2014 order denying her motion for reconsideration; and (7) Judge Oishi's July 11, 2014 order denying her motion for revision. A commissioner of this court ruled that Kayongo's notice of appeal was timely only as to the July 11, 2014 orders and limited the scope of review to those orders.

## DECISION

We review both a trial court's denial of a CR 60 motion to vacate and a motion for reconsideration for abuse of discretion.[4] A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.[5]

---

[3] CP at 592-628.

[4] Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002).

[5] In re Marriage of Horner, 151 Wn.2d 884, 893, 93 P.3d 124 (2004).

When a party appeals an order denying revision of a court commissioner's decision, we review only the decision of the superior court, not the commissioner.[6] Where, as here, the record is entirely documentary, we stand in the same position as the trial court and review the record de novo.[7]

Judge Oishi did not abuse his discretion in denying Kayongo's motion to reconsider his June 19, 2014 order denying her motion to vacate the dismissal of her claims. Kayongo claims she was entitled to relief because "[t]he judgment was entered under fraudulent [sic] and wrongfully because there is 100% sure no barred statute of limitation to plaintiff's claims."[8] But it is clear that Kayongo's claims were barred by the statute of limitations. The limitations period begins to run when a party's cause of action accrues, and a cause of action accrues "when the party has the right to apply to a court for relief."[9] Kayongo sued DV Properties for "theft" of her personal property. To the extent that Kayongo was asserting that DV Properties breached an implied contract or seized her personal property, the statute of limitations for these claims is three years.[10] The event triggering the statute of

---

[6] In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

[7] Hous. Auth. of City of Pasco & Franklin County v. Pleasant, 126 Wn. App. 382, 387, 109 P.3d 422 (2005).

[8] CP at 523.

[9] Kelly v. Allianz Life Ins. Co. of N. Am., 178 Wn. App. 395, 399, 314 P.3d 755 (2013), review denied, 180 Wn.2d 1004, 321 P.3d 1206 (2014).

[10] RCW 4.16.080(2), (3) ("The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated; (3) Except as provided in RCW 4.16.040(2), an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument.").

limitations, the disposal of Kayongo's property, occurred in July 2009. Kayongo did not file this lawsuit until October 2012. Because Kayongo's lawsuit was properly dismissed on statute of limitations grounds, Judge Oishi did not err.

Kayongo appears to assert that the statute of limitations was tolled by the filing of her prior suit against DV Properties in 2011. Kayongo is incorrect. "When an action is dismissed, the statute of limitations continues to run as though the action had never been brought."[11] Because Kayongo's prior suit was dismissed for insufficient service of process in September 2012, the statute of limitations was not tolled.

Kayongo's remaining arguments involve Judge Oishi's finding that her June 5, 2014 motion to vacate was untimely under CR 60(b), which requires that motions to vacate on certain grounds be brought within one year of the judgment. Because the motion to vacate was properly denied due to Kayongo's failure to comply with the statute of limitations, we need not address this issue.[12]

Judge Oishi also did not err in denying Kayongo's motion for revision of Commissioner Bradburn-Johnson's order. RCW 2.24.050 requires a motion for revision to be filed within 10 days from the entry of the order or judgment of the court commissioner. A superior court lacks the authority to extend the deadline for consideration of a motion for revision beyond the 10-day limit.[13] Because

---

[11] Fittro v. Alcombrack, 23 Wn. App. 178, 180, 596 P.2d 665 (1979).

[12] See Wash. Fed'n of State Emps. v. State Dep't of Gen. Admin., 152 Wn. App. 368, 378, 216 P.3d 1061 (2009) (a reviewing court may affirm the trial court on any grounds supported by the record).

[13] In re Marriage of Robertson, 113 Wn. App. 711, 714-15, 54 P.3d 708 (2002).

Commissioner Bradburn-Johnson's order was entered March 11, 2014, Kayongo had until March 21, 2014 to seek revision. She did not do so until July 2, 2014. Thus, her motion was untimely and the superior court did not err in denying it.

Because Kayongo's remaining claims involve challenges to orders other than the two July 11, 2014 orders or matters that were not before the trial court, this court will not consider them. Though mindful of Kayongo's pro se status, pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal.[14]

We affirm the superior court's orders denying Kayongo's motions for reconsideration and revision.

WE CONCUR:

---

[14] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).