IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of | ) | No. 38528-1-III |
| | ) | |
| JULIEN LABRECQUE. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

FEARING, J. — Petitioner Doug LaPlante appeals the superior court's rejection of his motion for revision of a court commissioner's order. The superior court dismissed the motion on the ground that LaPlante failed to timely file the motion. We hold that LaPlante timely filed the motion for revision because, when excluding weekends and holidays, he filed the motion within ten days.

PROCEDURE

Doug LaPlante and Eileen Frances (collectively referred to as "Doug LaPlante" or "LaPlante") petitioned for guardianship of Julien LaBrecque. On August 25, 2021, a court commissioner denied an emergency application for the guardianship.

On September 7, 2021, Doug LaPlante filed a motion to revise the court commissioner's ruling. The superior court judge struck the motion because of violations of Spokane County Superior Court Local rules. LaPlante had failed to provide complete

bench copies of the motion or to notify the judge's judicial assistant about the readiness status of the motion to revise.

Doug LaPlante moved to reschedule the stricken motion for revision. In response, the superior court judge filed an order and a written memorandum dismissing the motion. The order noted that LaPlante failed to timely file the motion to revise under a Washington statute and local court rules. The superior court reasoned that it could not consider revision because the failure to comply with statutory time requirements rendered the court without jurisdiction to consider the motion.

LAW AND ANALYSIS

Doug LaPlante appeals the superior court's dismissal of his motion to revise. He contends he timely filed the motion. We agree.

Under RCW 2.24.050, a party must file a motion for revision of a court commissioner's act with the superior court within ten days of the act, or else the superior court shall adopt the commissioner's orders and judgments. A superior court has no statutory or inherent authority to entertain an untimely revision motion. *In re Marriage of Robertson*, 113 Wn. App. 711, 715-16, 54 P.3d 708 (2002). Once the ten days pass, a party's only recourse is for review with the Court of Appeals. *In re Marriage of Robertson*, 113 Wn. App. 711, 714 (2002).

CR 6(a) governs the computation of a time period. Doug LaPlante possessed ten days during which to file the motion for revision. In computing a time period greater than seven days, the rule declares:

> The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday.

The day of the act from which the designated period of time begins to run shall not be included in the computation. CR 6(a).

The ten-day period, during which Doug LaPlante needed to file his motion for revision, began to run on Thursday, August 26, 2021, the day after the court commissioner filed the order denying the emergency guardianship petition. If we count forward ten days, we end with Saturday, September 4, 2021. As a Saturday, September 4 could not be the end date. The next day, Sunday, September 5, was also excluded. Monday, September 6, was the first Monday in September and Labor Day, a state legal holiday. RCW 1.16.050(1)(h). As a holiday, we remove September 6 from the count. Thus, September 7 was the due date to file the motion for revision. LaPlante complied with the limitation period.

We render no decision as to whether Doug LaPlante breached local court rules when filing his motion for revision or when scheduling a hearing. On remand, the superior court may address whether LaPlante violated local rules, and, if so, the

3

significance of any violation. We also do not address the merits of the petition for the placement of a guardianship.

## CONCLUSION

We reverse the superior court's dismissal of the motion for revision and remand the petition to the superior court for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

4