**FILED**
**MARCH 5, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40791-8-III |
| | ) | |
| TALESHA SOPHIA SAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| DARLA CARPENTER-SAMS, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Talesha Sams appeals after a superior court judge concluded that her motion to revise a court commissioner's order was untimely. On appeal, she argues the judge erred because her motion to revise was timely. She also argues the court commissioner erred because the order it entered violated the automatic stay in her bankruptcy action.

We agree with the superior court judge that the 10-day deadline to file a motion to revise runs from the time the court commissioner's order is entered, even if supporting findings and conclusions are entered later. We defer the question of whether the commissioner's order violated the automatic stay to the court that issued the stay—the bankruptcy court.

## FACTS

The August 2019 final divorce order in this dissolution proceeding awarded Darla Carpenter[1] one-half of Talesha Sams' Public Employees' Retirement System (PERS) account from the date of the parties' marriage through the date of their separation and ordered the account to be divided by a qualified domestic relations order (QDRO).

In July 2021, Sams filed for chapter 13 bankruptcy. On the day she filed bankruptcy, Sams' attorney issued a notice of stay in accordance with 11 U.S.C. § 362. In a March 2022 settlement agreement in the bankruptcy proceedings, the parties agreed to cooperate in good faith to enter a QDRO to effectuate the ordered division of Sams' PERS account.

---

[1] Although the case caption reads "Darla Carpenter-Sams," we refer to her as "Darla Carpenter," her preferred name, as shown on the title page of her brief.

On February 20, 2024, a court commissioner entered a property division order, concluding that it effectuated the terms of the final divorce order. More than three months later, on May 28, 2024, the court commissioner signed the findings of fact and conclusions of law in support of the order.

On June 7, 2024, Sams filed a motion for revision of the commissioner's order and the later entered findings and conclusions. On June 21, 2024, a superior court judge entered an amended order denying revision of the court commissioner's order, reasoning that expiration of the 10 days allowed for filing a motion to revise under RCW 2.24.050 precluded review of the order. And, because it could not provide any relief from the order even were it to vacate the findings and conclusions, the judge denied the motion for revision.

Sams appealed the superior court judge's amended order on July 3, 2024.

## ANALYSIS

SAMS' MOTION FOR REVISION WAS UNTIMELY

Sams argues that Carpenter's failure to timely present findings and conclusions prejudiced her right to file a motion to revise the court commissioner's order. She offers no argument, much less any legal analysis, to support the notion that the time to file a

motion to revise should commence after the entry of a commissioner's findings and conclusions. We nevertheless address the issue.

We start our analysis with the statute cited by the superior court, RCW 2.24.050, which provides in relevant part:

> All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. . . . Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, *and* [1] *unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, the orders and judgments shall be and become the orders and judgments of the superior court, and* [2] *appellate review thereof may be sought in the same fashion as review of like orders and judgments entered by the judge.*

(Emphasis added.)

In *In re Marriage of Robertson*, 113 Wn. App. 711, 714, 54 P.3d 708 (2002), we concluded that the above-quoted language following the first bracketed portion of RCW 2.24.050 clearly and unambiguously requires a motion to revise a commissioner's ruling to be filed within 10 days of the commissioner's order.

We conclude that the trial court did not err by dismissing Sams' motion for revision as untimely. Sams should have timely moved to revise the commissioner's order and asked the superior court judge to extend the time for filing a supporting brief until after the findings and conclusions were entered.

4

WE MAY NOT REVIEW THE ORDER ENTERED BY THE COURT COMMISSIONER

Sams argues the court commissioner entered the property division order in violation of the bankruptcy stay, so the order is void. For the reason explained below, we decline to address this argument.

In *Marriage of Robertson*, we held that the above-quoted language following the second bracketed portion of RCW 2.24.050 "clearly and unambiguously provides that a party who fails to act within the 10 days [to revise a court commissioner's order] must seek relief from the appellate court." *Id.* A party generally has 30 days to appeal a superior court order to this court. RAP 5.2(a). Therefore, Sams had 30 days from February 20, 2024, to appeal the order entered by the court commissioner. Sams' July 3, 2024, appeal is thus untimely. An untimely appeal must be dismissed without consideration of the underlying merits. *Schaefco, Inc. v. Columbia River Gorge Comm'n,* 121 Wn.2d 366, 368, 849 P.2d 1225 (1993).

CONCLUSION

We affirm the trial court's determination that Sams' motion to revise was untimely, and we dismiss her challenge of the court commissioner's property division order.[2]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____            _____
Staab, J.                                  Hill, J.

---

[2] We note that the August 2019 final divorce order divided Sams' PERS, and the court commissioner's February 2024 order merely effectuated that division. Sams (and her bankruptcy estate) had no interest in that portion of the PERS account awarded to Carpenter by the 2019 divorce order.

We express no opinion whether the court commissioner's February 2024 order violated the bankruptcy court's automatic stay, other than to suggest that 11 U.S.C. § 362(b)(2)(A)(iv) seems to control the question. Sams may file an appropriate motion in bankruptcy court if she wishes to pursue her argument.